UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT POTTS, II**                                                                                                    **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 3:09-CV-P408-R**

**ALAN SHREWSBURY et al.**                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Robert Potts, II, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Breckinridge County Detention Center (BCDC). He sues in their individual and official capacities Jailer Alan Shrewsbury, Major Dale Cornatez, Lieutenant Johnnie Wheatley, Officer Daniel Harbinson, and the BCDC. He alleges that on February 23, 2009, he was assaulted by another inmate and that, although he asked for immediate medical attention, it was three weeks before he saw a doctor and it was not until April 1, 2009, that the hospital determined that his nose was broken. He alleges that BCDC violated his civil rights by denying him immediate medical attention for a serious injury.

He next alleges that the BCDC violated his rights by giving him only one spoon from January 26, 2009, until the present, thereby forcing him to reuse the same spoon to eat without giving him chemicals to clean it. He states that he keeps the spoon under his bed and the unclean spoon has caused him vomiting and diarrhea.

He next alleges that between May 27, 2009, and June 9, 2009, he was put into

segregation, and Defendants Shrewsbury, Cornatez, Wheatley, and Harbinson, took his stamps, refused his outgoing mail, and took his legal mail, thereby violating his civil rights of confidentiality and access to his legal mail. He states that on May 27, June 1, and June 3, 2009, he asked Defendant Wheatley if he could call his attorney and was told no. He also states that on May 30, 2009, Defendant Harbinson said that he could not grant Plaintiff's request to call his attorney unless Defendant Cornatez approved the request.

As relief, Plaintiff wants monetary damages of $150,000, punitive damages of $10,000, and a written apology.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.      Medical treatment claim**

Plaintiff brings his claim regarding his not receiving immediate medical attention after he

was assaulted against the BCDC. The BCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Breckinridge County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court will therefore construe the claims against the BCDC as brought against Breckinridge County.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S.

469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

The incident alleged in the complaint appears to be a one-time occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Plaintiff does not allege that there was a policy at the BCDC of not taking prisoners for medical attention in a timely manner. The Court will dismiss this claim for failure to state a claim.

**B.     Claims regarding mail**

Plaintiff alleges that while he was in segregation Defendants Shrewsbury, Cornatez, Wheatley, and Harbinson took his stamps, refused to take his outgoing mail, and took his legal mail. Plaintiff sues Defendants Shrewsbury, Cornatez, Wheatley, and Harbinson in both their

individual and official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against these employees of the BCDC in their official capacities are actually brought against the Breckinridge County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

As discussed previously, a municipality like Breckinridge County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton*, 989 F.2d at 889. Plaintiff does not allege that these Defendants were acting in accord with a municipal policy or custom; therefore, the official-capacity claims against Defendants Shrewsbury, Cornatez, Wheatley, and Harbinson will be dismissed. The Court will allow Plaintiff's claim regarding interference with his mail to continue against these Defendants in their individual capacity.

**C.     Claims regarding requests to call attorney**

Plaintiff states that on three occasions he asked Defendant Wheatley if he could call his attorney and was told no. He also states that on another occasion, Defendant Harbinson said that he could not grant Plaintiff's request to call his attorney unless Defendant Cornatez approved. "In order to state a claim for interference with access to the courts, . . . a plaintiff must show actual injury." *Harbin-Bey*, 420 F.3d at 578 (citing *Thaddeus -X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "Meaningful access to the courts is the

touchstone." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted). The inmate therefore must go one step further and demonstrate that the alleged denial of access to his attorney hindered his efforts to pursue a legal claim. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, Plaintiff fails to allege that Defendants' failure to allow him to call his attorney actually caused him injury or prevented him from meaningfully accessing the court. As such, he does not have standing to bring such a claim, and the Court must dismiss this claim concerning Plaintiff's legal calls for failure to state a claim upon which relief may be granted.

**D.     Claim regarding being ill from eating from a dirty spoon**

Plaintiff alleges that the BCDC violated his rights by giving him only one spoon from January 26, 2009, until the present, thereby forcing him to reuse the same spoon to eat without giving him chemicals to clean it. He further alleges that this lack of cleanliness has caused him vomiting and diarrhea. Reading Plaintiff's complaint liberally, it appears that Plaintiff has alleged that there is a municipal policy or custom that has caused him a constitutional deprivation; the Court will therefore allow this claim to proceed against the BCDC. *See Monell*, 436 U.S. at 691.

### III. CONCLUSION

The Court will by separate Order dismiss Plaintiff's claim regarding medical treatment and his claim regarding his ability to call his attorney while in segregation. The Court will allow Plaintiff's claims regarding being sickened from having to eat with a dirty spoon to proceed against the BCDC. The Court also will allow Plaintiff's claim regarding interference with his

mail while in segregation to proceed against Defendants Shrewsbury, Cornatez, Wheatley, and Harbinson in their individual capacities. In allowing these claims to proceed, the Court does not express an opinion as to the ultimate merit of these claims. A Scheduling Order will be entered to govern the development of those claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Breckinridge County Attorney
4413.009