UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT POTTS, II                                                      PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:09-CV-P408-R

ALAN SHREWSBURY et al.                                              DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff, Robert Potts, II, has moved the Court for assistance, which the Court interprets to be a motion for appointment of counsel and for copies (DN 19).  He also states that he wants access to a law library so that he can understand and comply with the Federal Rules of Civil Procedure and properly file a motion.

In a civil case, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion.  *See Martin v. Harvey*, 14 F. App'x. 307, 310 (6th Cir. 2001).  Furthermore, appointment of counsel is justified only in exceptional circumstances.  *Lavado*, 992 F.2d at 606.  The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself.  *Id.*

The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel.  Further, based on the pleadings filed thus far, it appears that Plaintiff is familiar with the workings of the legal system and is able to sufficiently represent himself at this time.  Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time.

Plaintiff further states that the prison will not make copies for his case.  However, there is no constitutional right to free use of a copier.  *See Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th

Cir. 1980); *Bell-Bey v. Bur*, No. 86-1195, 1986 WL 17574 (6th Cir. Aug. 12, 1986).  Moreover,

Plaintiff has not demonstrated that he cannot make copies by hand.  He also asks the Court to

make copies for him because he is indigent.  Although the Court, by separate Order, has granted

Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), that statute "does not

give the litigant a right to have documents copied and returned to him at government expense."

*In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990); *Douglas v. Green*, 327 F.2d 661, 662 (6th

Cir. 1964) ("The statutory right to proceed in forma pauperis, Section 1915(a), Title 28 United

States Code, does not include the right to obtain copies of court orders without payment

therefor.").

      Therefore, **IT IS ORDERED** that the motion for appointment of counsel and for copies

(DN 19) is **DENIED**.

      By way of help to Plaintiff in representing himself, the Clerk of Court is **DIRECTED** to

send Plaintiff a blank motion form and instructions for filing a motion *pro se.*

      Plaintiff expresses concern as to whether the Court has received his mailings.  The Clerk is

also **DIRECTED** to send to Plaintiff a copy of the docket sheet in this case.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.009

2