UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CV-408

**ROBERT POTTS, II**                                              **PLAINTIFF**

**v.**

**ALAN SHREWSBERRY, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court upon Defendants' Motion for Summary Judgment (Docket #29). On May 24, 2010, the Court filed an order to show cause as to why the case should not be dismissed for Plaintiff's lack of prosecution (Docket #34). Plaintiff responded on June 2, 2010 (Docket #35). Defendants have replied (Docket #36). This matter is now ripe for adjudication. For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

**BACKGROUND**

Plaintiff Robert Potts, II, is a pretrial detainee at the Breckinridge County Detention Center (BCDC). Plaintiff has sued in their individual and official capacities Jailer Alan Shrewsberry, Major Dale Cornatez, Lieutenant Johnnie Wheatley, Officer Daniel Harbinson, and the BCDC. On October 29, 2009, the Court conducted a screening of this matter pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court determine that two of Plaintiff's claims could proceed.

First, Plaintiff alleges that he was sickened from having to eat with a dirty spoon. The Court has allowed this claim to proceed against the BCDC. Plaintiff's second surviving claim alleges interference with his mail while in segregation. This claim was allowed to proceed against Defendants Shrewsberry, Cornatez, Wheatley, and Harbinson in their individual

capacities. Defendants have now moved for summary judgment as to both remaining claims.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Plaintiff's Claim Against BCDC

Plaintiff alleges that he became ill several times after he was forced to eat from a dirty

spoon for a total of 476 days, without being provided a means of proper sanitation. Defendants argue that Plaintiff cannot establish that BCDC's policy on eating utensils is the moving force behind Plaintiff's alleged deprivation, nor has Plaintiff offered any proof of harm. In support of his position, Plaintiff presents the rules and regulations of BCDC that are provided to inmates, a page signed by eight prisoners from BCDC who certify they were given one spoon with no chemicals to clean it, and the BCDC commissary list.

The Court set out the following standard regarding lawsuits against BCDC in its October 29, 2009, Memorandum Opinion:

> The BCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Breckinridge County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court will therefore construe the claims against the BCDC as brought against Breckinridge County.
>
> When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).
>
> . . .
>
> A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v.*

> *Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Memorandum Opinion, Oct. 29, 2009, p. 3-4.

Plaintiff's discovery documents include a copy of the Rules and Regulations provided to prisoners at BCDC. According to the Rules and Regulations regarding "Personal Hygiene Items":

> 1. All inmates will receive an initial hygiene pack upon arrival. These packs contain the inmate's plastic ware to be used at meal time. Do not destroy or send to the kitchen, it is the inmates for the duration of their stay.
>
> 2. After the initial package, these items can be obtained from commissary.

Rules and Regulations, Docket #21-1, p. 15. Prisoners fill out an order form for commissary items, and any items not on that list are considered contraband. *Id.* Plaintiff produced the order form, and eating utensils are not listed as an available item. *Id.* at 22-23. Plaintiff also provides a list signed by himself and other inmates certifying "that I have been given one spoon with no chemicals to clean it from my intake date until present." *Id.* at 6.

Defendant Shrewsberry's affidavit states as follows in regards to the prisoners' eating utensils:

> 6. [E]ach inmate at the BCDC is provided with a new eating utensil upon their admission to the Breckinridge county Detention Center and that this eating utensil is the responsibility of the inmate while they are incarcerated at the Breckinridge County Detention Center.
>
> 7. [E]ach cell/pod is equipped with hot/cold running water and that each cell/pod is provided with a cleaning cart including a bleach substitute and a bar of soap on a daily basis for cleaning/sanitization of anything within the cell/pod, including the eating utensil.

4

Shrewsberry Affidavit, Docket #30-33, p. 2. The Rules and Regulations address Safety and Sanitation as follows:

> 7. Cleaning materials will be provided daily. This will include a clean mop, hot soapy water, cleanser, and cleaning brushes for the cleaning of shower stalls and toilets. Brooms and dustpans will remain in the cells.

Rules and Regulations, Docket 321-1, p. 17.

There is no issue of fact that BCDC prisoners were only provided with one eating utensil upon arrival, that utensils were not sent to the kitchen for cleaning, and that the spoon was thereafter the prisoner's responsibility. It appears Plaintiff was provided soap and water to clean the utensil. Plaintiff could have cleaned his utensil if he wished. On this basis, the claim should fail. However, for the sake of completion, the Court will assume that Plaintiff has presented enough evidence to create a genuine issue of material fact as to whether proper sanitation measures were available to prisoners.

Plaintiff's claim must fail, however, because he has failed to establish harm that was caused by his alleged unsanitary eating utensil. As stated earlier, Plaintiff must "show that the particular injury was incurred because of the execution of that policy." *Garner*, 8 F.3d at 364 (citation omitted). Although Plaintiff has alleged that he suffered vomiting, diarrhea, and emotional distress, he provides no documentation or sworn testimony as to these matters. Further, he has failed to establish that the cause of his illness was due to his eating utensil. Plaintiff has no medical data or expert opinions that would provide this information. Because Plaintiff has not created a genuine issue of material fact as to harm and causation, summary judgment is appropriate.

**II.     Plaintiff's Claims Against Shrewsberry, Cornatzer, Wheatley, and Harbinson**

Plaintiff alleges that his outgoing mail was refused, his stamps were taken away, and his legal mail was confiscated. Defendants argue that they are entitled to qualified immunity. In the alternative, Defendants argue that Plaintiff has failed to present any evidence to demonstrate a genuine issue of material fact. Finally, Defendants allege that Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

The Court finds that Plaintiff's claim must fail because he has not exhausted his administrative remedies. The Prison Litigation Reform Act (PLRA) is applicable to this case as it applies to suits by prisoners concerning prison conditions. 42 U.S.C. §1997e. The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has explained "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525.

The PLRA not only requires exhaustion, but proper exhaustion. *Woodford*, 548 U.S. at 93. The Supreme Court explained "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90-91.

The Defendants attached the Inmate Grievance Procedure which provides that inmates should file a grievance for complaints concerning personal and social services or needs, policies and procedures, personal actions by staff or inmates, and staff conflicts.  Defendants also presented evidence that Plaintiff's file contains no such grievances.  It is clear that Plaintiff is familiar with the grievance procedure as he has utilized it several times, as evidenced by Defendants' submission of Plaintiff's past grievances.  Plaintiff has failed to provide any evidence that he filed grievances relating to the withholding of mail or stamps.  In fact, Plaintiff's response to the motion for summary judgment fails to address his claims regarding his mail completely.  Because Plaintiff has failed to exhaust his administrative remedies, summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.